IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>DONALD CALVO, et al.<br>                Defendants.<br>_____ | No. C 03-4412 JSW (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS AND DIRECTING THE CLERK OF THE COURT TO SEND A LETTER OF ADDRESS INQUIRY TO THE CALIFORNIA DEPARTMENT OF CORRECTIONS**<br><br>**(Docket nos. 21, 22, 25, 26)** |

## BACKGROUND

Plaintiff, a state prisoner confined at San Quentin State Prison (SQSP), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 complaining of inadequate medical care by prison doctors and others at SQSP for a chronic back injury.  In an order dated March 28, 2005, the Court found that Plaintiff had stated a cognizable claim for deliberate indifference to his serious medical needs and ordered the United States Marshal's (USM) office to serve the complaint on Dr. Van Pelt, medical clerk Therese Dawson, and Dr. Donald Calvo, all at SQSP.  Service has been returned unexecuted as to Defendant Calvo and he has not responded to the complaint.  Defendants Van Pelt and Dawson, represented by counsel, have filed an answer to the complaint and a motion for summary judgment (docket no. 24).  Plaintiff has filed his own motion for summary judgment (docket no. 21), as well as a discovery motion (docket no. 22), a motion for an extension of time to file an opposition to Defendants' motion for summary judgment (docket no. 25), and an objection to Defendants' issuance of a subpoena to gain access to Plaintiff's prison health records (docket no. 26.).  The Court addresses these matters in this order.  __

## DISCUSSION

I.    <u>Plaintiff's Motion for Summary Judgment and Service of Defendant Calvo</u>

Plaintiff moves for summary judgment against Defendant Calvo because he has not answered the complaint or otherwise complied with the Court's order to file a

1    dispositive motion.  It appears from the record, however, that Defendant Calvo was never

2    served with the complaint.  The USM mailed summonses and complaints on April 5,

3    2005 to all three Defendants at SQSP.  A notation on the summons sent to Defendant

4    Calvo (docket no. 23) states that it was returned to the USM office by SQSP and then it

5    was remailed on April 12, 2005 to "H.Q." in Sacramento (which the Court assumes is a

6    reference to the main office of the California Department of Corrections in Sacramento).

7    By July 27, 2005, no acknowledgment of service by Defendant Calvo had been received

8    and the USM office returned the summons to the Court unexecuted.

9        Federal Rule of Civil Procedure 4(m) contemplates that service of process

10   normally will be accomplished within four months of the filing of the complaint.

11   Although the Court can order the USM to serve process on a defendant when the plaintiff

12   is indigent, it is the plaintiff's responsibility to provide a name and address for each

13   defendant to be served.  Both the Court and the California Department of Corrections

14   recognize, however, that prisoners proceeding *pro se* will often be unable to obtain

15   forwarding addresses for prison employees.  Accordingly, a system has been established

16   by which the California Department of Corrections will provide to the Court, under seal, a

17   forwarding address for the defendant if the Department is in possession of such.

18   Therefore, in accord with this system, the Court's docket clerk shall mail an address

19   inquiry letter to: <u>Staff Attorney, Legal Affairs Division, California Department of</u>

20   <u>Corrections, 1515 K Street,  Sacramento, CA  95815</u>.  The letter shall ask for a

21   forwarding address for Defendant Calvo to be provided to the Court under seal so that the

22   Court can then order the USM to attempt to serve the complaint on Defendant Calvo.

23       Accordingly, Plaintiff's motion for summary judgment as to Defendant Calvo is

24   DENIED.

25   II.   <u>Plaintiff's Discovery Motion and Objection to Subpoena</u>

26       On July 26, 2005, before Defendants Van Pelt and Dawson filed their motion for

27   summary judgment, Plaintiff filed a motion for discovery with the Court.  The motion

28   contains forty requests for the production of documents.  This request is premature and is

     therefore DENIED.

The proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants. *See* Fed. R. Civ. P. 33-34. If Plaintiff seeks discovery from non-parties, he must serve them with a subpoena demanding production of documents or deposition testimony. *See* Fed. R. Civ. P. 30(a)(1), 34(c), 45. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

Before promulgating discovery Plaintiff may wish to review Defendants' dispositive motion to see if it includes documents which Plaintiff seeks. In any event, Plaintiff should limit his discovery requests to matters relevant to the claims found cognizable in this action, which at this point consists solely of his medical claim. He should send the discovery requests to Defendants' counsel, or submit a third-party subpoena to the Court for service. No motion to compel will be considered by the Court unless the meet-and-confer requirement of Fed. R. Civ. P. 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because Plaintiff is incarcerated he is not required to meet and confer with Defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information.

Plaintiff objects to Defendants' third-party subpoena commanding the SQSP Litigation Coordinator to provide them with Plaintiff's prison medical records. The objection is construed as a motion to quash the subpoena and DENIED. The nature and extent of Plaintiff's back injuries and the medical treatment he has received while incarcerated bear directly on his claim for damages.

III.    Defendants' Motion for Summary Judgment and Plaintiff's Request for Extension

Defendants filed their motion for summary judgment on August 5, 2005.  On August 30, 2005, Plaintiff moved for an extension of time to file his opposition.  Good cause appearing, the request is GRANTED.  Plaintiff shall file his opposition on or by **February 10, 2006**.  Defendants shall file any reply on or by **February 24, 2006**.  The motion for summary judgment will be deemed submitted and ready for review on the date the reply is due.  **No further extensions of time will be granted absent extraordinary circumstances.**

**CONCLUSION**

For the foregoing reasons and good cause shown,

1.  Plaintiff's motion for summary judgment is DENIED.  (Docket no. 21.)

2.  The Court's docket clerk shall send a letter of address inquiry to the California Department of Corrections regarding a forwarding address for Defendant Calvo, as set forth above.

3.  Plaintiff's discovery motion is DENIED.  (Docket no. 22.)

4.  Plaintiff's motion to quash is DENIED.  (Docket no. 26.)

5.  Plaintiff's motion for an extension of time is GRANTED, as set forth above. (Docket no. 25.)

IT IS SO ORDERED.

DATED:  Jan. 13, 2006

JEFFREY S. WHITE
United States District Judge