IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY D. DAVIS,          )   No. C 03-4412 JSW (PR)

       Plaintiff,     )   **ORDER TO FILE STATEMENT OF**

                )   **FACT OF DEATH**

     v.          )

DONALD CALVO, ET AL.,   )

       Defendants.   )

_____)

Plaintiff Larry D. Davis, a state prisoner confined at San Quentin State Prison (SQSP), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. In an order dated March 28, 2005, the Court found that Plaintiff had stated a cognizable claim for deliberate indifference to his serious medical needs and ordered service of the amended complaint on Defendants Van Pelt, Dawson, and Calvo, all at SQSP. On August 5, 2005, Van Pelt and Dawson filed a motion for summary judgment. On March 3, 2006, the Court granted summary judgment to Defendants Van Pelt and Dawson, and directed Plaintiff to file a notice of his continued intent to prosecute this action against Calvo, whose address was provided to the Court by defense counsel on February 17, 2006. Thereafter, the Court's order sent to Plaintiff at San Quentin was returned to sender with a notation that the order was undeliverable, apparently due to the death of Plaintiff.

When a party dies and the claim is not extinguished by applicable substantive law, the court may order substitution of the deceased party with the proper legal representative. Fed. R. Civ. P. 25(a)(1); *Hilao v. Estate of Marcos*, 103 F3d 762, 766 (9th

Cir. 1996).   Any party to the action or the deceased party's successors may file a "statement of fact of death" of the deceased party.  The statement is served and filed in the same manner as a motion generally.  *Barlow v. Ground*, 39 F3d 231, 233 (9th Cir. 1994).  However, service of the statement of fact of death on non-party successors or representatives must be effected in the manner provided in Federal Rule of Civil Procedure 4 for service of a summons.  *Id.* at 233.  This commences the running of the 90 day period for substitution motions set forth in Rule 25(a)(1).  *Id.*

Because it is not clear whether Plaintiff's claims could survive his death if pursued by his successors or representatives, the Court will not dismiss this matter at this time.  However, in the absence of a party to prosecute this case, it will be dismissed.

Therefore, the Court requests defense counsel to file a statement of fact of death pursuant to Fed. R. Civ. P. 25(a)(1) within thirty days, serve Plaintiff's representative or successor as set forth above and notify the Court of the name and address of the individual(s) so notified.  If no motion for substitution is filed within 90 days of service of the statement of death, this matter will be dismissed by the Court.

IT IS SO ORDERED.

DATED:  April 6, 2006

_____
JEFFREY S. WHITE
United States District Judge

2