IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY D. DAVIS, | ) | No. C 03-4412 JSW (PR) |
| Plaintiff, | ) ) ) | **ORDER OF DISMISSAL BASED ON DEATH OF PLAINTIFF** |
| v. | ) ) | |
| DONALD CALVO, ET AL., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

      Plaintiff Larry D. Davis, a former state prisoner, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at San Quentin State Prison (SQSP). In an order dated March 3, 2006, this Court granted summary judgment in favor of Defendants (docket no. 29). Thereafter, the Court's order served on Plaintiff was returned to sender with a notation that the order was undeliverable, due to the apparent death of Plaintiff. After orders of this Court directing Defendants' counsel to file and serve a statement of fact of death on Plaintiff's "representative or successor" (docket nos. 32, 33), Plaintiff's death was suggested on the record by Plaintiffs (docket no. 34) and the Court was apprised that Defendants' counsel had been unable to locate and serve Plaintiff's widow, Leticia Maria Hernandez (docket no. 35).

      When a party dies and the claim is not extinguished by applicable substantive law, the court may order substitution of the deceased party with the proper legal representative. Fed. R. Civ. P. 25(a)(1); *Hilao v. Estate of Marcos*, 103 F3d 762, 766 (9th

1  Cir. 1996).  Any party to the action or the deceased party's successors may file a
2  "statement of fact of death" of the deceased party.  The statement is served and filed in
3  the same manner as a motion generally.  *Barlow v. Ground*, 39 F3d 231, 233 (9th Cir.
4  1994).  The filing of the "statement of fact of death" commences the running of a 90 day
5  limitations period for substitution of the deceased party.

      However, when no such successor or representative has been identified and the Plaintiff is deceased, the Court will not keep this matter open.  As such, Plaintiff's complaint is dismissed.  The Clerk shall enter judgment and close the file.

      IT IS SO ORDERED.

DATED: July 25, 2006

                                     JEFFREY S. WHITE
                                     United States District Judge

2